UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| JEREMY J. DALTON # 28831, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:25-cv-00071 ) ) |
| STATE OF TENNESSEE, *et al.*, | ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Jeremy J. Dalton, an inmate of the Hardeman County Correctional Facility in Whiteville, Tennessee, has filed a pro se complaint pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. (Doc. No. 1). He also has filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2), a Motion for a Temporary Restraining Order ("TRO") (Doc. No. 3), and a Motion to Disqualify Judge (Doc. No. 7).

**I. FILING FEE**

The Court must first resolve the filing fee. Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's IFP Application and supporting documentation (Doc. Nos. 2, 8), it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his Application (Doc. No. 2) is **GRANTED**.

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder

1

in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Hardeman County Correctional Facility to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the

custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance.

## II. MOTION TO DISQUALIFY JUDGE

Plaintiff has filed a "Motion to Disqualify" the undersigned from presiding over this case pursuant to 28 U.S.C. § 455 and 28 U.S.C. § 144. (Doc. No. 7).

"[A] judge is presumed to be impartial, and the party seeking disqualification 'bears the substantial burden of proving otherwise.'" Huth v. Hubble, No. 5:14-cv-1215, 2016 WL 6610808, at *2 (N.D. Ohio Feb. 23, 2016) (quoting United States v. Denton, 434 F.3d 1104, 1111 (8th Cir. 2006)). Title 28 U.S.C. § 455 sets forth the recusal processes for judges where the judge harbors prejudice or bias for or against a party. Here, the Court will first discuss whether the undersigned has actual or personal bias against Plaintiff under § 455(b)(1), then discuss whether the circumstances give rise to an appearance of impropriety under § 455(a). Finally, the Court will consider whether Plaintiff has demonstrated a personal bias or prejudice by the undersigned against the Plaintiff or in favor of any adverse party under § 144.

### A.     28 U.S.C. § 455

Section 455(a), Title 28 of the United States Code provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge's impartiality might reasonably be questioned "if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." United States v. Sammons, 918 F.2d 592, 599 (6th Cir. 1990) (citations and internal quotation marks omitted). Because the standard is objective, not subjective, a judge "need not recuse himself based on the subjective view of a party[,] no matter how strongly that view is held." Id. (citation and internal quotation marks omitted). "[J]udicial rulings alone

3

Case 2:25-cv-00071    Document 9    Filed 09/02/25    Page 3 of 13 PageID #: 461

almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 553 (1994). Instead, judicial rulings should be grounds for appeal, not for recusal. See id.

Section 455(b)(1) provides that a judge shall disqualify himself "where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . ." 28 U.S.C. § 455(b)(1). When a party cannot show partiality stemming from an extra-judicial source or personal bias, recusal is only necessary in rare circumstances. Liteky, 510 U.S. 540, 555.

Ultimately, a judge's "disqualification decision must reflect *not only* the need to secure public confidence through proceedings that appear impartial, *but also* the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking." Arrowood Indem. Co. v. City of Warren, 54 F. Supp. 3d 723, 726 (E.D. Mich. 2014) (quoting In re Allied–Signal Inc., 891 F.2d 967, 970 (1st Cir. 1989)) (emphasis in original). The Sixth Circuit has cautioned that "[t]here is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." Easley v. Univ. of Mich. Bd. of Regents, 853 F.2d 1351, 1356 (6th Cir. 1988) (alteration in original) (citation omitted). That is because unnecessary recusals waste judicial resources. City of Cleveland v. Krupansky, 619 F.2d 576 (6th Cir. 1980).

1. 28 U.S.C. § 455(b)(1)

Plaintiff contends that the undersigned should "be disqualified" from presiding over this case because (1) he is an "interested party to this action, being even biased and prejudiced" due to his involvement in Plaintiff's previous case, Case No. 2:19-cv-85; (2) he "is a party and/or will become a party to another action deriving from the circumstances involved in this case"; (3) he

previously recused himself from "a case involving the same circumstances", citing Case Nos. 1:23-cv-1049 and 2:24-cv-7; (4) he is a "Mason who are parties to several suits the plaintiff has against them thus making him an interested party"; (5) the plaintiff is "pursuing ethical violations" against the undersigned; and (6) he has "personal knowledge of disputed evidentiary facts concerning the proceeding." (Doc. No. 7 at 1-2). None of these grounds provides reason for the undersigned to recuse himself under § 455(b)(1), however, as shown below.

With regard to Plaintiff's allegations about Case No. 2:19-cv-85, that was a federal civil rights case filed by Plaintiff and assigned randomly to the undersigned. The undersigned granted Plaintiff's IFP Application and screened the complaint as required by the Prison Litigation Reform Act. (See Case No. 2:19-cv-85 at Doc. No. 6). In screening the complaint, the Court dismissed the Fentress County Jail as a defendant and found that Plaintiff's claims against the remaining defendant, Southern Health Partners, stated a claim under Section 1983 upon which relief can be granted. (Id.) The Court then referred the case to the Magistrate Judge, as is the custom in this Court, who eventually prepared a Report and Recommendation ("R&R") recommending that the Court grant Southern Health Partners' Motion for Summary Judgment and dismiss the case with prejudice. (Id., Doc. No. 60). The Court approved and adopted the R&R, agreeing with the Magistrate Judge that Plaintiff had not exhausted his administrative remedies and, even if he had, there was no genuine issue of material fact as to whether the defendant provided adequate care to Plaintiff. (Doc. No. 67).

As noted above, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky, 510 U.S. 540, 553. The undersigned's prior ruling, which was recommended by the Magistrate Judge, was not a ruling on the merits. The finding that Plaintiff had not exhausted his administrative remedies was based on substantial, unrebutted evidence that

the prison had grievance procedures of which Plaintiff did not avail himself. (See Case No. 2:19-cv-85 at Doc. No. 38-5). Plaintiff fails to substantiate his allegations that the undersigned "allowed . . . fraud to go through his court" in Case No. 2:19-cv-85.

Plaintiff's allegations that the undersigned "is . . . and/or will become a party to another action" in Blount County, Tennessee, that the plaintiff is "pursuing ethical violations" against the undersigned, and that the plaintiff has "personal knowledge of disputed evidentiary facts concerning the proceeding," simply repeat the statutory language of § 455(b)(1). Plaintiff does not provide further elucidation of these allegations. Without more, these unsubstantiated allegations do not require the undersigned's recusal under § 455(b)(1). See Rodman v. Misner, No. 87-3999, 1988 WL 76545, at *1 (6th Cir. 1988) ("The rule is that a judge is not disqualified from hearing a case merely because a litigant sues or threatens to sue him or her.") (citing United States v. Grismore, 564 F.2d 929, 933 (10th Cir. 1977)); United States v. Berry, No. 15-20743, 2018 WL 10418594, at *1 (E.D. Mich. Feb. 23, 2018) ("In pursuing legal action against the undersigned after the instigation of this case, the defendant has attempted to manufacture a basis for recusal. The Court finds that the defendant's motion . . . has not raised issues that would warrant recusal for bias, prejudice, or financial interest, and the Court's impartiality cannot reasonably be questioned.").

With regard to Plaintiff's allegations concerning Case Nos. 1:23-cv-1049 (W.D. Tenn.) and 2:24-cv-7 (M.D. Tenn.), Plaintiff filed that case originally in the Western District of Tennessee, and the case was transferred to this Court by order of the Honorable Samuel H. Mays, Jr. (Case No. 2:24-cv-7 at Doc. No. 14). The case was randomly assigned to the undersigned, who recused because Plaintiff had named the undersigned as a defendant. (Id. at Doc. No. 19). The case was dismissed because the relief Plaintiff sought in that case was not available pursuant to Section

1983 and would have been more appropriately pursued in a petition for writ of habeas corpus. (Id. at Doc. No. 20). Plaintiff has not named the undersigned as a defendant in this instant case.

In summary, Plaintiff has not met his "substantial burden" of proving that the undersigned must recuse himself under § 455(b)(1). Scott v. Metro. Health Corp., 234 F. App'x 341, 352 (6th Cir. 2007). "The burden is not on the judge to prove that he is impartial." Id.

### 2. 28 U.S.C. § 455(a)

Although mindful of its duty to sit where disqualification is not required, there are circumstances where, in the Court's sound discretion, it may be appropriate for a judge to disqualify himself even when no actual partiality, bias, or prejudice exists. See Huth, 2016 WL 6610808, at *5. Looking at the grounds for recusal suggested by Plaintiff through the lens of § 455(a), the Court must consider whether the undersigned's impartiality might reasonably be questioned by an objective person knowing all the circumstances, regardless of Plaintiff's subjective belief. Here, none of the asserted bases provide grounds for the undersigned to recuse himself under § 455(a).

As noted above, judicial rulings very rarely constitute a valid basis for a bias or partiality motion. Liteky, 510 U.S. 540, 553. Although the undersigned may not have ruled as Plaintiff would have liked in this case or other cases Plaintiff filed in this Court or in other courts, Plaintiff has presented no evidence that the undersigned's rulings were based on a bias toward him or a favoritism toward a defendant or any third party. See Hobson v. Mattis, No. 17-6192, 2018 WL 3241369, at *2 (6th Cir. May 23, 2018) (denying Hobson's motion for recusal based on the judge's rulings against him in the case and the "hostile manner" and "tone of voice" the judge used when addressing Hobson's evidentiary matters).

7

Case 2:25-cv-00071 Document 9 Filed 09/02/25 Page 7 of 13 PageID #: 465

Plaintiff misunderstands the basis for the undersigned's prior rulings. These rulings do not reflect any bias or ill will against Plaintiff; instead, they were based on procedural rules that govern all litigants, pro se or counseled, appearing before this Court.

In summary, none of the reasons advanced by Plaintiff would cause an objective, reasonable person to question the undersigned's impartiality in the present matter.

### B. 18 U.S.C. § 144

Pursuant to 28 U.S.C. § 144, recusal is mandatory if a "a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." Here, Plaintiff submitted a combined motion and affidavit in support of his request for the undersigned to be disqualified. (Doc. No. 7).

Although § 144 on its face appears to require automatic disqualification once the affidavit is filed, a district court judge has a duty to examine the affidavit to determine whether it is timely and legally sufficient. See Berger v. United States, 255 U.S. 22, 32 (1921). An automatic disqualification would constitute a grant of a peremptory challenge, and Congress has failed to enact proposals to grant peremptory challenges. 13A Wright, Miller & Cooper, Federal Practice and Procedure, § 3541 at 553-54. Here, even if the Court assumes for purposes of this analysis that the affidavit submitted by Plaintiff is timely under 28 U.S.C. § 144, the Court does not find the affidavit to be sufficient to require the undersigned's disqualification, for the same reasons the Court finds that qualification is not required under 28 U.S.C. § 455. "[B]ecause a judge is obligated to preside over cases to which she is assigned, a judge should not 'recuse [ ] lightly.'" Oliver v. Trump, No. 5:25-CV-100-CHB, 2025 WL 2423332, at *2 (E.D. Ky. Aug. 21, 2025) (quoting United States v. Snyder, 235 F.3d 42, 45 (1st Cir. 2000)).

For the foregoing reasons, Plaintiff's Motion (Doc. No. 7) seeking the undersigned's disqualification or recusal will be denied.

### III. MOTION FOR TRO

Plaintiff has filed a Motion for a Temporary Restraining Order ("TRO") (Doc. No. 3) in which he asks the Court to release him from prison. (Id. at 4).

A TRO movant must comply with specific procedural requirements. First, "any request for a TRO" must be made by written motion "separate from the complaint." M.D. Tenn. L.R. 65.01(a). Second, because the movant bears the burden of justifying preliminary injunctive relief on the merits, Kentucky v. U.S. ex rel. Hagel, 759 F.3d 588, 600 (6th Cir. 2014), a TRO motion must be accompanied by a memorandum of law. M.D. Tenn. L.R. 65.01(b). Third, the motion for a TRO must be supported, at a minimum, by "an affidavit or a verified complaint." Fed. R. Civ. P. 65(b)(1)(A); M.D. Tenn. L.R. 65.01(b) (explaining that a motion for a TRO "must be accompanied by a separately filed affidavit or verified written complaint"). Finally, the moving party must certify in writing "any efforts made to give notice and why it should not be required." Fed. R. Civ. P. 65(b)(1)(B); see also M.D. Tenn. L.R. 65.01(c) (requiring "strict compliance" with this notice provision by pro se moving parties).

Here, Plaintiff states that he "has made no attempt to give notice to Defendants" because "lives may be in danger due what [Plaintiff] has discovered involving the possibility of murder having been committed . . . ." (Doc. No. 3 at 1). As the Court understands it, Plaintiff believes potential witnesses who could have provided relevant and exculpatory testimony in Plaintiff's state criminal case have been murdered to prevent them from testifying. He believes "organized crime" including the "Irish Mafia" is involved. (Id.) He also believes "culpable parties" may post a flight

risk if they learn of his request for a TRO. (Id. at 5). Plaintiff has not substantiated these beliefs with credible evidence.

Even though Plaintiff is proceeding pro se, he must follow the notice requirement. See M.D. Tenn. L.R. 65.01(c) (requiring "strict compliance" with this notice provision by pro se moving parties). Thus, Plaintiff has not placed specific facts before the Court in a manner allowing it to fairly evaluate the TRO motions on the merits.

However, even if the motion was procedurally compliant, which it is not, the only relief sought by Plaintiff in his TRO motion is his release from prison. A state prisoner does not state a cognizable claim under Section 1983 where a ruling on his claim would imply the invalidity of his conviction and/or confinement, unless and until the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); see Ruff v. Runyon, 258 F.3d 498, 502 (6th Cir. 2001). Plaintiff's request to be immediately released from custody is an obvious and direct challenge to his continued confinement. However, Plaintiff does not allege that his conviction has been favorably terminated. His request for immediate release from custody therefore is barred by Heck and its progeny. Thus, if the Court were to consider the TRO motion on its merits, Plaintiff's motion would fail.

Accordingly, the Court will deny Plaintiff's Motion for a TRO (Doc. No. 3).

### IV. PLRA SCREENING OF THE COMPLAINT

The Court now turns to the required PLRA screening of the complaint. Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of

10

any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). Id. § 1915A(b).

The Court must construe a pro se complaint liberally, United States v. Smotherman, 838 F.3d 736, 739 (6th Cir. 2016) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)), and accept a plaintiff's factual allegations as true unless they are entirely without credibility. See Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**A. Facts Alleged in the Complaint**

The allegations of the complaint are assumed true for purposes of the required PLRA screening.

The complaint, filed in forma pauperis, alleges defects in his criminal proceedings in Fentress County, Tennessee, including "clear violations of the law" and constitutional violations. (Doc. No. 1 at 4). The complaint asks the Court to investigate these alleged defects, to relieve Plaintiff of the requirement to pursue post-conviction claims before pursuing federal habeas relief, and to issue an order requiring the exhumation of two individuals who Plaintiff believes were murdered to prevent them from providing exculpatory evidence during Plaintiff's state-court criminal proceedings. (Id. at 6-7). Plaintiff alleges that he was convicted and sentenced in a "sham proceeding" because numerous individuals conspired to frame Plaintiff for crimes he did not

commit. (Id. at 4). Plaintiff further alleges that "intelligence agencies and the Irish Mafia" were involved. (Id. at 5).

**B. Analysis**

The pro se complaint relies solely upon 42 U.S.C. § 1983. The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the literal terms of § 1983." Heck v. Humphrey, 512 U.S. 477, 481 (1994) (citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973)). A Section 1983 claim challenging confinement must be dismissed even where a plaintiff seeks only injunctive or monetary relief. Heck, 512 U.S. at 489-90 (claim for damages is not cognizable); Preiser, 411 U.S. at 488-90 (claim for injunctive relief is only cognizable under 28 U.S.C. § 2254). Additionally, as noted above, a state prisoner does not state a cognizable claim under Section 1983 where a ruling on his claim would imply the invalidity of his conviction and/or confinement, unless and until the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Heck, 512 U.S. at 486-87; Ruff, 258 F.3d 498, 502 (6th Cir. 2001). The United States Supreme Court extended Heck to bar Section 1983 actions that do not directly challenge confinement but instead challenge the procedures that imply unlawful confinement. Edwards v. Balisok, 520 U.S. 641, 648 (1997).

Most of the relief requested by Plaintiff challenges his continued confinement. Granting his relief would imply the invalidity of his conviction and/or confinement. However, Plaintiff does not allege that his conviction has been favorably terminated. His requests therefore are barred by Heck and its progeny. Plaintiff's claims regarding the constitutionality of his continued confinement would be more appropriately brought in a separate petition for writ of habeas corpus. The Court lacks the authority to suspend the requirement that Plaintiff complete the exhaustion of

his state-court remedies before filing a petition for writ of habeas corpus in federal court. Plaintiff's claims will be dismissed without prejudice, should Plaintiff wish to pursue them through the appropriate route.

## V. CONCLUSION

Based on the foregoing, Plaintiff's "Motion to Disqualify" the undersigned from presiding over this case pursuant to 28 U.S.C. § 455 and 28 U.S.C. § 144 (Doc. No. 7) is **DENIED**.

Plaintiff's Motion for a TRO (Doc. No. 3) is likewise **DENIED**.

Having conducted the screening of the complaint required by PLRA, the Court finds that Plaintiff's claims regarding the constitutionality of his continued confinement would be more appropriately brought in a separate petition for writ of habeas corpus. These claims are **DISMISSED WITHOUT PREJUDICE**, should Plaintiff wish to pursue them via the appropriate route. There being no further claims before the Court, this action is **DISMISSED**.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b) and close this case.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE